**UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TREVOR MABRY<br>　　*Plaintiff* | CIVIL ACTION NO.: |
| VS. | JURY TRIAL REQUESTED |
| GENUINE PARTS COMPANY d/b/a<br>NAPA AUTO PARTS<br>　　*Defendant* | NOVEMBER 6, 2018 |

**COMPLAINT**

### I. INTRODUCTION

1. This is an action alleging racial discrimination, hostile work environment, and wrongful termination in violation of the provisions of the Connecticut Fair Employment Practices Act (hereinafter, "CFEPA") enumerated in Connecticut General Statutes § 46a-60(a)(1); and racial discrimination in employment in violation of 42 U.S.C. § 1981.

### II. JURISDICTION

2. The Court possesses jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that the Plaintiff's claim arises under the laws of the United States, specifically 42 U.S.C. § 1981.

3. The plaintiff received a right to sue from the Connecticut CHRO on October 31, 2018. A copy of said notice is appended to this complaint as Exhibit A. This action is brought within 90 days of the right to sue notice.

### III. PARTIES

4. The Plaintiff, Trevor Mabry (hereinafter referred to as "Plaintiff"), was and is a resident of the City of Hartford, State of Connecticut.

5. The Defendant, NAPA Auto Parts (hereinafter referred to as "the Defendant"), is a corporation organized under the laws of the State of Connecticut, with a primary business address located at 985 New Britain Ave, West Hartford, CT 06110.

## IV.   FACTS

6. Plaintiff was hired by the Respondent in 2014 as a driver; the plaintiff's duties included delivering auto parts to garages and stock work inside the store.

7. Plaintiff is African American.

8. Plaintiff is black.

9. During a majority of the plaintiff's employment with the respondent the plaintiff's supervisor was Greg Bowen. During the plaintiff's employment with the respondent Mr. Jamie Wells was the commercial manager.

10. Throughout Plaintiff's employment with the Respondent, Mr. Wells frequently made offensive racial comments to the plaintiff.

11. An example of such offensive racial comments is when Mr. Wells would regularly refer to the plaintiff as "boy."

12. Also, Mr. Wells would regularly mention going to KKK meetings and asked the plaintiff to join him.

13. By way of another example, Mr. Wells made comments such as, "you don't know how hard it is for a black man."

14. Mr. Wells made comments about the plaintiff's braided hair and would say "someone give me some clippers and let me cut this boy's hair."

15. Mr. Wells frequently talked about slavery and cotton fields in front of and towards the plaintiff.

16. At all relevant times the plaintiff was performing his duties at or about a satisfactory level which is evidenced by the fact that on or about March 2017, the plaintiff received a raise.

17. In or about September 2017, Mr. Wells became the Store Manager and the plaintiff's direct supervisor.

18. After Mr. Wells became the Store Manager, he favored white employees by giving them less work assignments than the plaintiff.

19. On multiple occasions, the plaintiff was unable to take a lunch break due to the amount of work he was being given.

20. After Mr. Wells became the Store Manager the plaintiff started getting disciplined for things that similarly situated white employees were not disciplined for.

21. Generally, the plaintiff's work hours were a set schedule; however, after Mr. Wells became Store Manager he kept changing the plaintiff's start time which resulted in the plaintiff being late and disciplined.

22. A non-African-American Supervisor Rickie (last name unknown) regularly called out but was never disciplined. However, whenever the plaintiff called out he was disciplined.

23. The plaintiff complained to Mr. Wells that he was being treated unfairly and that he was being treated differently than other Caucasian employees.

24. Mr. Wells responded by telling the plaintiff that if he did not like it then he could "go work at McDonalds."

25. About two weeks prior to the plaintiff's termination, the plaintiff filed a complaint with the Defendant's Human Resources Department about the unfair treatment.

26. On November 20, 2017, the defendant terminated Plaintiff's employment.

27. At all times relevant the plaintiff was qualified for the job that he held with the Defendant.

### COUNT ONE: Discrimination/Hostile Work Environment/ Wrongful Termination in violation of Conn. Gen. Stat. 46a-60(a)(1) on the Basis of Race

1. The Plaintiff repeats and re-alleges paragraphs 1 through 27 above, and incorporates them as paragraphs 1 through 27 of this First Count as if fully stated herein.

28. The Defendant discriminated against Plaintiff in the terms, conditions and/or privileges of his employment, subjected the plaintiff to hostile work environment, and ultimately terminated the Plaintiff's employment all due to his race.

29. The foregoing conduct of the Defendant constitutes unlawful discrimination and termination of employment in violation of the Connecticut Fair Employment Practices Act.

30. As a result of the foregoing unlawful conduct of the Defendant, Plaintiff has suffered, and will continue to suffer, lost wages and fringe benefits, as well as other consequential losses and damages.

31. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has expended attorney's fees and costs in order to secure the right to which he is entitled.

32. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

### COUNT TWO: Retaliation in violation of Conn. Gen. Stat. 46a-60(a)(4)

1. The Plaintiff repeats and re-alleges paragraphs 1 through 27 above, and incorporates them as paragraphs 1 through 27 of this Second Count as if fully stated herein.

28. The Defendant retaliated against the Plaintiff for opposing the aforementioned unlawful and discriminatory conduct by, *inter alia*, terminating the plaintiff's employment after

his complaint of unlawful and discriminatory conduct to Defendant's Human Resources Department.

29. As a result of the foregoing unlawful conduct of the Defendant, Plaintiff has suffered, and will continue to suffer, lost wages and fringe benefits, as well as other consequential losses and damages.

30. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has expended attorney's fees and costs in order to secure the right to which he is entitled.

31. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**COUNT THREE:**   Race Discrimination in violation of 42 U.S.C. § 1981

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 27 above as Paragraphs 1 through 27 of this Third Count, as if fully alleged herein.

28. The foregoing conduct of the Defendant constitutes race discrimination in violation of 42 U.S.C § 1981 in that the Defendant intentionally discriminated against the Plaintiff, and the Plaintiff's race was a motivating factor in the Defendant's unlawful and unfair treatment of the Plaintiff, as well as the Defendant's decision to terminate the Plaintiff's employment.

29. As a result of the aforementioned discriminatory conduct of the Defendant, the Plaintiff has suffered lost wages and other monetary damages.

30. As a further result of the aforementioned discriminatory conduct of the Defendant, the Plaintiff has suffered emotional pain and suffering.

31. As a further result of the aforementioned discriminatory conduct of the Defendant, the Plaintiff has incurred, or will incur, attorney's fees and costs.

**WHEREFORE,** the Plaintiff prays for the following relief:

1. Monetary damages;

2. Punitive damages;

3. Reinstatement or front pay;

4. Attorney's fees;

5. Costs of this action; and,

6. Such other relief as the court deems just and appropriate.

THE PLAINTIFF,
TREVOR MABRY

By: _____
Emanuele R. Cicchiello, Esq. (ct 27118)
Cicchiello & Cicchiello LLP
364 Franklin Avenue
Hartford, CT 06114
Phone: (860) 296-3457
Fax: (860) 296-0676
Email: manny@cicchielloesq.com

<u>UNITED STATES DISTRICT COURT</u><br>
<u>for the</u><br>
<u>DISTRICT OF CONNECTICUT</u>

| | |
|---|---|
| TREVOR MABRY<br>　　*Plaintiff* | CIVIL ACTION NO.: |
| VS. | |
| GENUINE PARTS COMPANY d/b/a<br>NAPA AUTO PARTS<br>　　*Defendant* | JURY TRIAL REQUESTED<br><br>NOVEMBER 6, 2018 |

<u>JURY DEMAND</u>

The Plaintiff herein demands a trial by jury.

THE PLAINTIFF,
TREVOR MABRY

By: _____
Emanuele R. Cicchiello, Esq. (ct 27118)
Cicchiello & Cicchiello LLP
364 Franklin Avenue
Hartford, CT 06114
Phone: (860) 296-3457
Fax: (860) 296-0676
Email: manny@cicchielloesq.com

7

# EXHIBIT A

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Trevor Marby
**COMPLAINANT**

CHRO No. 1810468

vs.

EEOC No. 16A-2018-01196

Napa Auto Parts
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:** October 31, 2018

Tanya A. Hughes, Executive Director

Service:
Complainant's counsel:  bantuna@cicchielloesq.com
Respondent's counsel:   egianquinto@mccarter.com